IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00136-BNB

CHARLES ROBERT SHEPARD,

Applicant,

v.

LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Charles Robert Shepard, is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility at Fort Lyon, Colorado. Mr. Shepard initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a Colorado state court criminal conviction. The court must construe the application liberally because Mr. Shepard is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Shepard will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient. First, Mr. Shepard fails to assert specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

requires that Mr. Shepard go beyond notice pleading. See *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The application also is deficient because Mr. Shepard fails to allege specific facts that are necessary for the court to determine whether the application is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Shepard alleges that he filed a direct appeal but he fails to allege when the judgment of conviction was affirmed on direct appeal. Mr. Shepard also alleges that he has filed a postconviction motion but the information he provides relevant to that postconviction motion is confusing. Mr. Shepard must provide the court with specific dates regarding when his conviction was affirmed on direct appeal, when he filed his postconviction motion, when the postconviction motion was denied, and when the state appellate courts issued any decisions that relate to the postconviction motion.

Therefore, Mr. Shepard will be ordered to file an amended application in which he identifies the claims for relief he is asserting, clarifies the specific facts that support each asserted claim, and clarifies the dates on which his conviction was affirmed on direct appeal as well as when he sought and was denied postconviction relief in the state courts. Accordingly, it is

ORDERED that Mr. Shepard file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Shepard, together with a copy of this order, two copies of the following form: Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Shepard fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED January 31, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00136-BNB

Charles Robert Shepard
Reg. No. 99669
Fort Lyon Corr. Facility
PO Box 1000
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/31/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk